Nott, J.,
dissenting:
This is the first time that the question of a party’s right to appeal to the Supreme Court from a decree in a case under the "Abandoned or captured property act” has been argued before this court, though the question was once discussed before two of the judges sitting during the vacation. The assumption seems to have prevailed that befcause these decrees are for the restitution of the proceeds of property whereof the claimants are the equitable owners, that, therefore, they are not judgments; and this assumption had hardly been disturbed until Congress chanced to call the decisions of this court by their right name in a provision designed to secure to the government the right of appeal in all possible cases. Act 25th June, 1868, (15 Stat. L., c. 71.) I do not ascribe much importance to this use of a term by Congress, nor think the character of the decisions would *355 be changed by alluding to them as judgments, or decrees, or orders, or awards, or findings. It is the substance and not the name that must give to them their legal character. •
What is the nature of these abandoned or captured property decrees? There is a controversy; it is presented on formal pleadings; it is determined by competent evidence taken under and tested by the well-settled rules of the law of .evidence ; the decree is rendered by a judicial tribunal; and it is final, and conclusive upon the parties. If these ingredients do not constitute a “judgment,” it is pretty difficult to define what a judg- . ment is.
Assuming that the decree in'this case is a judgment, I think the appeal moved, for by the claimant should be allowed for these reasons:
1. The act to establish a Court of Claims, (Act 2tíh February, 1865, 10 Stat. L., p. 612,) invests this court with jurisdiction “ to hear and, determine all claims founded upon any” "contract, express or imipliedP. If the act stopped there I should say the Abandoned or captured property act” conferred a new jurisdiction ; for actions under it are not ex contractu, but in the nature of suits in equity to enforce a trust. But the statute does go •further. It provides that this court shall also “hear and determine all claims founded upon any lato of Congress.” The act does not mean any “law of Congress” theretofore enacted,-any more than it means any “ contract express or implied,” theretofore made; for both stand in one clause of one sentence, and are to be governed and construed in one way.
This court, then, having jurisdiction of “ all claims founded iipon any law of Congress,” Congress conferred by law upon certain parties these abandoned and captured property claims. The. object of the statute was not to enlarge the jurisdiction of this court, but to provide for the care and custody of abandoned and captured property, and the proceeds thereof. This court is named but once in the act, then only incidentally, and is not the subject of a single sentence. The provision supposed to have created a new jurisdiction is only an insignificant part of a single section; and the subject of the section, as of the sentence, is the owner of the property, the claimant, the person on whom the claim and right of action are conferred. There is no new power vested in the court, no process prescribed, no remedy" indicated, no limitations imposed. The statute speaks not *356 to tbe court blit to tbe claimant, and simply says tbat be may come into tbe only tribunal having jurisdiction of actions against tbe United States, and bring bis action there to enforce tbe new claim given by and founded upon this law of Congress.
Tbe process, tbe practice, tbe remedy, all jurisdictional conditions, this statute leaves to previous legislation. If tbe Court of Claims bad not been named in it once, but tbe statute instead bad said “ any person claiming to have been tbe owner of any such abandoned or captured property may bring bis action for tbe net proceeds in any court having jurisdiction of claims against tbe United States,” it would have said no less than it says now ; and these claimants would have proceeded in just tbe same way tbat they now do, and would have bad just tbe same relief.
If tbe jurisdiction of this court rests alone on tbe “Abandoned or captured property act,” bow is tbe suit to be commenced*? By what authority can tbe court issue process ? What is tbe .remedy 1 By what requirement does tbe Assistant Attorney General appear and defend ? All tbat tbe statute says is tbat tbe owner shall “ prefer Ms claim” and “ receive the residue” “ on proof, to the satisfaction of said court.” If these few words create a new, distinct, and indexiendent jurisdiction not grafted ■upon nor limited by tbe statute which confers and restrains tbe general jurisdiction of tbe court, then tbe proceedings under them should have been a mere ex parte investigation to establish aprima facie right of recovery in each case, standing in tbe . place of the like investigation given to other claims by tbe accounting officers of tbe Treasury. Tbe statute alone neither authorizes nor requires more. To “ prefer a claim” does not mean to bring an action ; to “receive tbe residue” does not mean to recover a judgment; “proof to tbe satisfaction of said court” by tbe claimant, does not import litigation or counter testimony on tbe part of tbe defendants. And, therefore, I think tbat Congress could never have committed to this court a jurisdiction so important by tbe few and careless words of this statute; but tbat, on tbe contrary, tbe power and jurisdiction of this court were previously conferred by tbe acts 24th February, 1855, and 3d March, 1863, and by those statutes properly prescribed, limited, and defined.
But further than this : Tbe Court of Claims, is a court created by statute, and it has repeatedly been held tbat its jurisdiction *357 must be expressly given. Tke first act conferring power upon tke court uses clear and unmistakable language: “ The said court shall hear and determine all claims founded upon any law of Congress,” &c., (Act 24th February, 1855, 10 Stat. L., p. 612.) The second is like unto it: "The said court, in addition to the jurisdiction now conferred by law,'shall also have jurisdiction of all set-offs,” &c., (Act 3d March, 1863, 12 Stat. L., p. 765, § 3.) The third is equally plain and decisive: “ The Court of Claims shall have jurisdiction toliear and determine tke claim of any paymaster,” &c., (Act 9th May, 1866, 14 Stat. L., p. 44.) But the "Abandoned or captured property act ” contains not one word of power, of jurisdiction, nor relating to the judicial remedy.
Since this discussion began tke question kas been narrowed down to tke effect of tke words in tke act: "on proof to the satisfaction of said court? It is conceded tkat tke power, tke jurisdiction, and tke remedy must be derived from tke acts creating and reconstituting tke court; but it is claimed that these words have a technical meaning exclusive of a right of appeal.
Tke reasoning, I think,presents this dilemma: 1st, tke words must, by implication, annul tke express words of tke previous statute, "that either party may appeal to the Supreme Court of the United States from am/y final judgment or decree which may hereafter be rendered in any case-,” or, 2d, they must strip tke proceedings of tkeir judicial character, and reduce them down to tke ministerial investigation 6f an officer sitting to make awards in kis discretion on informal proofs. In other words, it would invest us with a general judicial power to hear tke case, and an exclusive discretionary power to determine it. I do not think tkat this can beso. To me it seems clear tkat we must accept all of tke powers and limitations of tke previous statutes or none. If tke decision is a final judgment or decree attained under tke previous act of 3d March, 1863, then “ either party may appeal to the Supreme Court,” and express words or necessary implication alone can take away tke right.
Tke cases which have appeared from time to time in tke Supreme Court, wherein Congress have invested some officer with tke quasi judicial discretion of making an awardin some contested matter, "upon proofs to kis satisfaction,” or other equivalent words, do not invest this phrase with any peculiar significance, but rest upon tke reason tkat when a special jurisdiction kas been provided by statute tke right of invoking tke supervision *358 of tbe courts of law is not implied. In tlie words of the Supreme Court in one of these cases, “If a new jurisdiction be conferred,' and a special mode be provided by which, it shall be exercised, it is clear that the remedy cannot be extended beyond the provisions of the act.” United States v. Nourse, (6 Peters R., pp. 470, 493.) The difference between those cases and these, is precisely this — that there, the statutes provided no right of appeal, but- here, they do.
As some doubt has been felt as to the meaning of the term “ claim” in this “ Abandoned and cqpturedproperty act,” I observe that claims against the United States consist of two classes : 1st, those coupled with a right of action, and upon which a ' party may sue in this court: 2d, those not coupled with a right of action, and for which the party has no remedy save what the Supreme Court has termed “ the right to importune Congress.” (Gordon’s Case,post.)
There are claims recognized by the law which are not causes of action, as a “claim against the government” “ growing- out of or dependent on any treaty stipulation,” (Act M March, 1863;) or a “claim against the United States growing out of the . destruction or appropriation of or damage to property by the army or navy” during the late rebellion, (Act 4dh July, 1864;) but there are no causes of action against the government which are not included in the term “ claims” by these various statutes. In these cotton cases, the “ claim ” was created and given by the general provision of the act; and the particular provision naming the tribunal where it might be prosecuted, coupled it with a right of action; and thus the claim is doubly founded upon this “ law of Congress.”
2. As to the first section of the recent act to provide for appeals from the Court of Claims, it does not affect the question. The section is general, and does not refer to these decrees by name. If they were not “final judgments of the said Court of Claims,” the statute does not refer to them even by implication. If they were judgments, the act reconstituting this court already provided for them. The legislative purpose of the section was to secure to the United States a general right of appeal not dependent on the special statutes, and private acts, and joint resolutions that from time to time might be passed.
3. Apart from this question of jurisdiction I think the appeal should be allowed under the decision of the Supreme Court in *359 tbe case of Theodore Adams v. The United States, (6 Wal. R., p. 101.)
It is there laid down that this court has no judicial discretion to grant or withhold an appeal. From the nature of things an inferior court cannot be invested with a judicial discretion as to whether its acts may or may not be reviewed by the appellate court, unless specially intrusted with that discretion by law. Certainly the appellate court cannot commit to the inferior that discretion.
When the rule of the Supreme Court regulating appeals from this court speaks of “ an order of allowance of appeal by the Court of Claims” it does not mean an allowance of the right of appeal, but an allowance of the application by the party. It is an allowance of th& fact, not the right. The allowance is not made as between the appellant and the appellate court, but as between this court and its own records. It settles nothing but that the party has appealed, and that the decree, judgment,, or order from which he appeals, exists. The "order of allowance” is in one sense an admission that a judgment has been 'Rendered; in another sense, a certificate that an appeal has been taken; in a third sense, an authority to the clerk of this court to make up the record and transmit it to. the Supreme Court. Whenever, after judgment, it is asked for, it should be granted; the Supreme Court is able to guard its own jurisdiction.